W. L. DALLAS *ex rel.* MANSUR & TEBBETTS IMPLEMENT COMPANY, Appellants, v. WM. BERGER *et al.*, Respondents.

Kansas City Court of Appeals, November 5, 1884.

Fraudulent Conveyances: EVIDENCE: ACTS OF POSSESSION: BILL OF SALE. In an action where the question is whether there was a sufficient change of possession of the purchased goods so as to vest the property in the purchaser as against the vendor's creditors, it is proper for the purchaser to show what acts of possession were had; and the evidence in this case is held not to be inconsistent with the bill of sale which recited that the goods were stored at the vendor's livery stable and concluded, "to have and to hold the same until the purchaser may order them away."

*Appeal from the Osage Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Ryors & Vosholl* for appellant.

(1.) Parol evidence can not be received to change the terms of a written contract. The bill of sale is clear that the goods in question were stored in livery stable of James W. Jordan and were to remain there at pleasure of respondents. The evidence admitted over objection of appellants tended to weaken and explain and modify the terms, the plain terms, of the bill of sale. *Koehring v. Muemminghoff*, 61 Mo. 403; 1 Greenleaf on Evidence, sec. 275; 7 Am. and Eng. Encyclo-

pedia of Law, p. 91. (2) It is not a disputed question in this state, that to render a sale good against creditors an actual change of possession of the property sold must take place. In this case, by the terms of the bill of sale itself, the parties to the contract of sale agreed that no change of possession should take place. *Dyer v. Boisley*, 40 Mo. App. 559; *Knoop ex rel. v. Nelson Dist. Co.*, 26 Mo. App. 303. (3) To affirm this judgment would be to establish as law, that a sale of goods, wares and merchandise is good against creditors when by the terms of the sale itself no apparent or open or actual change of possession is to take place, except in some future contingency, to be determined by the sweet pleasure of the buyer. Authorities already cited.

*Seneca N. Taylor* and *Chas. Erd* for respondent.

(1) A creditor may take, in good faith, at a fair valuation, his debtor's property in payment of his legal demand, although he knows that his debtor is insolvent, and that the effect will be to hinder and delay other creditors in collecting their debts. *Schroder v. Mason*, 25 Mo. App. 190; *Meyberg v. Jacobs*, 40 Mo. App. 136; *Straus v. Rothan*, 102 Mo. 265; *Covanhocan v. Hart*, 21 Pa. St. 495. (2) Levying upon the property, then carrying it away after relator's notice that it was the sole owner, and then giving the indemnity bond, constituted a conversion of the property, and entitles relator to judgment for the value of the goods as of the date of the levy with six per cent. interest from that date. *Stevens v. Springer*, 23 Mo. App. 385; *State ex rel. v. Boem*, 24 Mo. App. 403; *Gilbert v. Peck*, 43 Mo. App. 584; *State ex rel. v. Schmidt*, 31 Mo. 572; *Bassett v. Glover*, 31 Mo. App. 150–160; *State ex rel. v. Benedict*, 51 Mo. App. 684. (3) Relator having claimed the property had a right of action on the indemnity bond.

*Bradley v. Halloway*, 28 Mo. 150; *Railroad v. Castello*, 30 Mo. 124; *State ex rel. v. Watson*, 30 Mo. 122.   And this is so, even if the claim which relator made was defective.   *State ex rel. v. Doan*, 39 Mo. 50.   It had this right, even if it had made no claim at all, because the bond is conditional for the payment of all damages that may be sustained in consequence of any levy and sale.   *State ex rel. v. McBride*, 81 Mo. 253; *State ex rel. v. Benedict*, 51 Mo. App. 684.   (4) The record shows that justice was done in the finding of the jury and the rendition of the judgment.   It is a well settled doctrine of this state when from the whole case it appears that justice has been done though errors were committed which did not. materially affect the merits, the court will not disturb the verdict.   *Walter v. Cathcart*, 18 Mo. 356; *Smith v. Cochran*, 74 Mo. 388; *Brown v. Railroad*, 86 Mo. 582; *Bauerman v. Railroad*, 41 Mo. App. 358.   Moreover, the statute makes the above rule imperative upon this court.   R. S., 2100, 2302, 2303.

ELLISON, J.—This is an action on an indemnifying bond given to a constable who had levied an execution upon some personal property as the property of one Jordan, defendant in the execution, but which was claimed by relators.   The judgment below was for plaintiffs.

The evidence shows that Jordan was indebted to relators, who were wholesale merchants, and that their traveling salesman undertook to collect the claim.   On finding that he could not get any money he and Jordan finally agreed that Jordan should sell him a certain lot of goods which he had on hands and which had been principally purchased of relators in satisfaction of his claim.   In pursuance of this Jordan executed to relators a bill of sale for the property, and the evidence tends to show that such property

was separated from other property in the same building or shed; that it was placed in a room in the presence and under the supervision of the salesman and locked up, the key being delivered to the salesman who afterwards delivered the key to relators' attorney. When the constable went to make his levy he found the property locked in this room and not having a key he did not get in, but instead or lieu of getting in, he testified that he nailed boards across the door.

The whole question seems to be whether there was a sufficient change of possession under the provisions of our statute in this respect, so as to vest the property in relators as against Jordan's other creditors. This question was quite clearly and distinctly put to the jury by instructions for either side which could not be misunderstood and which were in precise accordance with the law on the subject of possession and the kind of possession necessary in such cases. The verdict of the jury is well and amply sustained by the evidence.

Several objections were made to testimony on the ground that it was varying the terms of the bill of sale executed by Jordan to relators. These objections were all properly overruled. It was entirely proper for relators to show what acts of possession were had. Besides, nothing which relators showed in this respect was at all inconsistent with the bill of sale. The bill of sale in describing the goods recited that they were "stored at my livery stable." At the end of the description is the following: "To have and to hold the same until the said party of the second part may order them away." This was interpreted by defendants to mean that Jordan would hold possession of the same until the relators ordered them away. But the evidence showed that it merely meant that the goods should remain in the room where they were locked, as aforesaid, until taken away by relators; the relators

paying rent for the room. When all the evidence is considered together there is scarcely room for question but that sufficient possession was taken by relators through their agent, and it is not easy to see how any other result than the one that did could have followed.

The judgment is affirmed. All concur.